1  Philip M. Black (SBN 308619)
2  Matthew Insley-Pruitt (*Pro Hac Vice* application forthcoming)
   Justyn Millamena (*Pro Hac Vice* application forthcoming)
3  **WOLF POPPER LLP**
   845 Third Avenue
4  New York, NY 10022
   Telephone: (212) 759-4600
5  Email: pblack@wolfpopper.com
6         minsley-pruitt@wolfpopper.com
          jmillamena@wolfpopper.com
7
   *Attorneys for Plaintiff Movant Noah Hermann*
8  *and the Putative Class*
   *(additional counsel on signature page)*
9

10                    UNITED STATES DISTRICT COURT
11                   NORTHERN DISTRICT OF CALIFORNIA
12                        SAN FRANCISCO DIVISION
13

| NOAH HERMANN, individually and on behalf of all others similarly situated, | No.: 3:24-cv-7704-JD |
|---|---|
| Plaintiff, | CLASS ACTION |
| v. | **PLAINTIFF'S MOTION TO ENLARGE TIME FOR PLAINTIFF TO SERVE SUMMONS AND COMPLAINT** |
| BRIAN VELUZ-NEPOMUCENO, PERCIVAL ONG, MIDNIGHT HUB, AND ROOMS.TV, | Dept.: Courtroom 11, 19th Floor (San Francisco) |
| Defendants. | Judge: Hon. James Donato |

Pursuant to Civil Local Rule 6-3 and Federal Rules of Civil Procedure 4(m) and 6(b)(1)(A), Plaintiff Noah Hermann moves for an enlargement of time to serve all Defendants. Plaintiff respectfully requests an extension of 60 days beyond the 90-day period set forth in Rule 4(m), until April 4, 2025, to complete service of process. This is the first request for the extension of any deadline in the case.

This action commenced with the filing of the Complaint on November 5, 2024. ECF No. 1. Plaintiff has diligently undertaken efforts to serve Defendants with process but has encountered obstacles. *See* the accompanying Declaration of Philip M. Black ("Black Decl."). Specifically, servers have encountered significant obstacles in serving Defendants due to the individual Defendants' residences being located within gated communities, the fact that some Defendants have moved residences, and the fact that the corporate Defendants were dissolved after receiving a demand letter but prior to the filing of the Complaint. *See id.*; ECF No. 1 ¶ 98. In light of these challenges, Plaintiff is exploring alternative service methods, including service through the Secretary of State and attempts to locate any changed addresses.

Pursuant to Fed. R. Civ. P. 4(m), if a defendant is not served within 90 days after the complaint is filed, but "plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Rule 6(b) permits the Court to enlarge the time for performance of any act required under the Federal Rules for "good cause." Fed. R. Civ. P. 6(b). Where, as here, the requested extension is made before the time for performance has expired, the Court may act *ex parte*, "with or without motion or notice." Fed. R. Civ. P. 6(b)(1)(A). Moreover, under Rule 4(m), "[d]istrict courts have broad discretion to extend time for service . . . ." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Indeed, "Rule 4(m) . . . *requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay" and "*permits* the district court to grant an extension even in the absence of good cause." *Id.* at 1040 (emphasis in original; citation omitted).

Here, good cause exists for the requested extension. The combination of gated communities, recent residency moves, and the recent dissolution of the corporate Defendants constitutes good cause for the delay in effecting service and justify an extension under Rule 4(m).

Moreover, even in the absence of good cause, the Court should exercise its discretion to grant the requested extension for at least three reasons. *See Efaw*, 473 F.3d at 1041 (discussing non-exclusive factors district courts may consider in exercising discretion). First, there has been no delay in Plaintiff's efforts to effect service on Defendants. Second, there would be no prejudice to Defendants if the extension is granted, as this litigation only recently commenced and the unopposed Lead Plaintiff motion pursuant to the PSLRA (ECF Nos. 15 and 16) is still pending. Conversely, there potentially could be prejudice to Plaintiff if the complaint were dismissed due to the time that has elapsed since the filing of the Complaint. See ECF No. 1 ¶¶ 78-82. Third, Plaintiff is working diligently to effect service.

For all the reasons set forth herein, Plaintiff respectfully requests that the Court extend the time to serve Defendants for sixty (60) days, until April 4, 2025.

Dated: February 3, 2025            Respectfully submitted,

**WOLF POPPER LLP**

By:   /s/ *Philip M. Black*
        Philip M. Black

Philip M. Black (SBN 308619)
Matthew Insley-Pruitt (*Pro Hac Vice* application forthcoming)
Justyn Millamena (*Pro Hac Vice* application forthcoming)
845 Third Avenue, 12th Floor
New York, NY 10022
Telephone: (212) 759-4600
Email: pblack@wolfpopper.com
        minsley-pruitt@wolfpopper.com
        jmillamena@wolfpopper.com

*Attorneys for Plaintiff and the Putative Class*

Max Burwick (*Pro Hac Vice* application forthcoming)
BURWICK LAW, PLLC
43 West 43rd Street, Suite 114
New York, NY 10036
Email: max@burwick.law

*Attorneys for Plaintiff and the Putative Class*

[No.: 3:24-cv-7704-JD] PLAINTIFF'S MOTION TO ENLARGE TIME FOR PLAINTIFF TO SERVE SUMMONS AND COMPLAINT                 2