UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NOAH HERMANN,

Plaintiff,

v.

BRIAN VELUZ-NEPOMUCENO, et al.,

Defendants.

Case No. 24-cv-07704-JD

**ORDER RE DISMISSAL**

**I. DEFENDANT ONG**

Pro se defendant Percival Ong's motion to dismiss, Dkt. No. 25, is granted.

The first and second claims under Section 12 of the Securities Act, Dkt. No. 1 ¶¶ 107-24, are dismissed because the complaint does not adequately allege that Ong was a "seller" for purposes of Section 12. *See* 15 U.S.C. § 77e; *Pinter v. Dahl*, 486 U.S. 622, 641-54 (1988). There is no allegation that Ong himself offered or sold a security, or that he "active[ly] solicit[ed] . . . an offer to buy." *Pinter*, 486 U.S. at 645. Indeed, the complaint alleges that "[t]he Soliciting Defendants are statutory sellers," but the "Soliciting Defendants" are expressly defined to include "Defendants Brian Veluz-Nepomuceno, Rooms.tv and Midnight Hub" only, and do not include defendant Ong. Dkt. No. 1 ¶¶ 122, 43.

Plaintiff's third claim under Section 15 of the Securities Act, *id*. ¶¶ 125-36, must also be dismissed as against Ong for a similar reason. That claim alleges that defendant Ong is a "controlling person" under the statute who "caus[ed] Rooms.tv and Midnight Hub to sell and promote the sale of unregistered securities in violation of the Securities Act." *Id*. ¶¶ 135-36. And so, the complaint says, "Ong is liable for Rooms.tv and Midnight Hub's wrongful conduct to the same extent Rooms.tv and Midnight Hub is liable under Section 12(a)(1) of the Securities Act to Plaintiff and the Class who purchased the Securities." *Id*. ¶ 136. The problem with plaintiff's claim as stated is that it flies in the face of the United States Supreme Court's holding in *Pinter* that a "person who 'participate[s] in soliciting the purchase'" may not be held liable for that

participation under Section 12. *Pinter*, 486 U.S. at 651 n.27. The Section 15 claim is dismissed on that basis.

Plaintiff's state law claims under the CLRA and UCL, Dkt. No. 1 ¶¶ 137-59, are also dismissed. Those claims are grounded in fraud and as such, they are subject to the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1122 (9th Cir. 2009). Plaintiff's complaint does not allege any specific misconduct by defendant Ong, and as such, fails to plead with the requisite particularity any fraud on Ong's part.

Plaintiff's claims against Ong are dismissed *in toto*. Plaintiff's request for an opportunity to amend, Dkt. No. 27 at 9 n.8, is granted. An amended complaint must be filed by September 22, 2026. The amended complaint may not add any new claims or defendants without express leave of Court. A failure to file an amended complaint by the deadline will result in a dismissal of the claims against Ong under Federal Rule of Civil Procedure 41(b).

## II. DEFENDANTS VELUZ-NEPOMUCENO AND MIDNIGHT HUB

Default was entered against defendants Brian Veluz-Nepomuceno and Midnight Hub on November 25, 2025, Dkt. No. 33, but plaintiff has not taken any action against those defendants since then. Plaintiff may file a motion for default judgment against those defendants by September 22, 2026. If such a motion is not filed by that deadline, plaintiff's claims against those defendants will also be dismissed pursuant to Rule 41(b).

## III. DEFENDANT ROOMS.TV

There is no indication on the docket that defendant Rooms.tv has been served. The 90-day time limit for service has long passed. *See* Fed. R. Civ. P. 4(m). Plaintiff is directed to show cause in writing by September 22, 2026, why defendant Rooms.tv should not be dismissed pursuant to Rule 4(m).

**IT IS SO ORDERED.**

Dated: September 1, 2026

JAMES DONATO
United States District Judge